# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JASON WESLEY CHAPMAN, | ) |
| Plaintiff, | ) |
| v. | )  CIVIL ACTION NO. 09-00641-CB-M |
| COI DUNFORD, et al. | ) |
| Defendants. | ) |

## **ORDER**

This matter is before the Court on a motion to dismiss filed by defendants CO1 Dunsford[1] and CO1 Culliver. These defendants assert that all claims against them are due to be dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute pursuant to Rule 41(b). Alternatively, these defendants argue that the claims against them in their official capacity should be dismissed based on absolute immunity. For reasons set forth below, the Court finds that Plaintiff's claims against these defendants are due to be dismissed as a result of Plaintiff's failure to serve process within the time permitted by the Federal Rules of Civil Procedure.

**Background**

On August 25, 2009, Chapman filed a pro se prisoner complaint asserting a cause of action under 42 U.S.C. § 1983 arising from the assault. The complaint named as defendants CO1 Dunsford, CO1 Culliver and the Alabama Department of Corrections (ADOC). That complaint was filed in the Middle District of Alabama and transferred to this district on September 28, 2009. On December 21, 2009, attorney Anthony Piazza entered a notice of appearance on behalf of the Plaintiff.

On February 15, 2010, Plaintiff's counsel filed an Amended Complaint adding several defendants and numerous causes of action. The Amended Complaint named as defendants the

---

[1] CO1 Dunsford's name was misspelled in the Amended Complaint as "Dunford."

1

ADOC; Richard Allen, ADOC Commissioner, in his official capacity; Grantt Culliver, Warden of Holman Correctional Facility, in his official and personal capacities; CO1 Dunsford, CO1 Culliver and CO1 Peacock, in both their official and individual capacities; and Gerald Henderson, an ADOC inmate. On March 8, 2010, Magistrate Judge Milling entered an order granting the Plaintiff in forma pauperis status and directing the Clerk of Court to serve the Defendants. On March 15, 2010, the summonses issued to CO1 Dunsford and CO1 Culliver were returned unexecuted with notations that these defendants were no longer employed at Holman Correctional Institute (Doc. 21). On July 14, 2010, Plaintiff's counsel requested an alias summons be issued for CO1 Dunsford. (Doc. 34) On July 22, 2011, the Clerk of Court issued the summons. (Doc. 35.) On August 25, 2010, that summons was returned unexecuted. (Doc. 45.)

When the discovery period ended on March 4, 2011, Plaintiff had not served either CO1 Dunsford or CO1 Culliver. On the eve of the discovery deadline, Plaintiff's counsel filed an "Emergency Request" seeking, among other things, to extend the discovery deadline because he had not yet served these defendants. Plaintiff's excuse for failing to serve process was the ADOC's failure to respond to a September 2010 subpoena of personnel files. In denying the motion to extend the discovery deadline, Judge Milling noted:

> Plaintiff has not shown that he has diligently pursued discovery in the time allotted nor that extraordinary circumstances warrant an extension or have prevented him from getting the discovery he now desires. Plaintiff never filed a motion to enforce the subpoenas he served to get documents or to locate Dunford [sic] and Culliver and his request to do so at this time come too late.

Order, March 9, 2010 (Doc. 82). On April 14, 2011, the Clerk of Court issued a second alias summons for CO1 Dunsford and the first alias summons for CO1 Culliver. Those summonses were delivered on April 18, 2011(Culliver) and April 19, 2011 (Dunsford). (Doc. 94 & 95.)

CO1 Culliver, CO1 Dunsford and inmate Gerald Henderson are the only remaining defendants. By order dated October 4, 2010, the Court dismissed all claims against the ADOC,

Commissioner Allen and Warden Grantt Culliver and also dismissed all official capacity claims against CO1 Peacock. Peacock's motion for summary judgment as to all remaining claims against him was granted on July 11, 2011.

**Legal Analysis**

The Federal Rules of Civil Procedure impose a time limit for service of process and require dismissal if a plaintiff fails to comply. Specifically, Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009), the Eleventh Circuit held "that the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff *through no fault of that plaintiff* constitutes 'good cause' for the Plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Id.* at 1288 (emphasis added).[2] The instant case differs from *Rance*, however, because the Plaintiff bears responsibility for the lack of service. Clearly neither of the defendants were served within the 120-day deadline. The service order was entered on March 8, 2010. As early as March 15, 2010, Plaintiff's counsel was, or should have been, aware that the summonses issued to CO1 Dunsford and CO1 Culliver had been returned unexecuted with the notation that each was retired from ADOC. Without a current address, there was nothing more that the Clerk of Court could have done. At the least, Plaintiff had a duty to supply a current address for each defendant. *Cf. Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.

---

[2] In this case, the clerk of court was responsible for service, but the same principle applies. When a plaintiff proceeds IFP, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Pursuant to this District's Standing Order 17, the Magistrate Judge directs service upon granting IFP status, and when a defendant is employed at an ADOC facility.

1987) (*in forma pauperis* plaintiff has "duty to attempt to remedy any apparent service defects of which [he] has knowledge.") Nevertheless, prior to April 2011, counsel made only one additional attempt to serve CO1 Dunsford and did nothing further to perfect service on CO1 Culliver. Other than the excuses offered in his motion to extend the discovery deadline, Plaintiff has failed to explain any effort he made to locate these Defendants for service within the Rule 4(m) deadline.[3] Consequently, the Court finds that Plaintiff has failed to demonstrate good cause.

The lack of good cause does not necessarily end the inquiry. The Eleventh Circuit has held "that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1131 (11th Cir. 2005). The running of the statute of limitations is one reason a court may, in its discretion, extend the time for service.[4] *Horenkamp,* 402 F.3d at 1131-32. Nevertheless, "the running of the statute of limitations does not require that a district court extend the time for service of process." *Id.* at 1133. In *Horenkamp* the court found that certain factors—the defendant's receipt of actual notice of the lawsuit (via a waiver request) within the 120-day period and formal service of process shortly after the service deadline expired— militated against dismissal and, therefore, supported the court's exercise of discretion not to dismiss. In contrast, Plaintiff in this case has offered nothing to justify a discretionary extension. *Cf. Zapata v. City of New York*, 502 F.3d 192, 198 (2nd Cir. 2007) ("plaintiff must ordinarily advance some colorable excuse for neglect" to justify a Rule 4(m) discretionary extension). There is no indication that either of these defendants was aware of this lawsuit until April 2011, more than one year after it was filed. Plaintiff has not explained why the defendants could not have been located and served in a timely manner, nor has Plaintiff explained why he failed

---

[3] Plaintiff has not responded to the Rule 4(m) grounds raised in the motion to dismiss filed by Defendants Dunsford and Culliver.

[4] A dismissal under Rule 4(m) is without prejudice, but if the limitations period has run dismissal effectively forecloses the plaintiff's claim.

to request additional time for service. Plaintiff put his claims against these defendants at risk by waiting more than a year to perfect service of process. The Court declines to extend the time for service of process.

**Conclusion**

For the reasons set forth above, the motion to dismiss filed by CO1 Dunsford and CO1 Culliver is **GRANTED**. It is hereby **ORDERED**, **ADJUDGED** and **DECREED** that Plaintiff's claims against these defendants be and hereby are **DISMISSED** without prejudice.

**DONE** this the 21st day of July, 2011.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**